```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-60645-CIV-ZLOCH
```

CARMINA RAMIREZ,

      Plaintiff,

vs.                                              **FINAL ORDER OF DISMISSAL**

AUTONATION, INC., and
AUTONATION CORPORATE
MANAGEMENT, LLC,

      Defendants.
_____/

    THIS MATTER is before the Court upon Defendants' Motion To Dismiss Or In The Alternative Stay Proceedings Pending Arbitration (DE 3). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Carmina Ramirez initiated the above-styled cause with the filing of her Complaint (DE 1) alleging violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq. (2006) (hereinafter "FMLA"). Specifically, Plaintiff alleges that her employer, Defendant AutoNation Corporate Management, LLC (hereinafter "the LLC"), violated the anti-retaliation provisions of the FMLA. Defendants AutoNation, Inc. (hereinafter "the Corporation") and the LLC filed the instant Motion (DE 3), seeking dismissal or stay of this action based on an agreement to arbitrate any claims arising out of Plaintiff's employment with the LLC.

    The Arbitration Agreement (DE 5, Ex. A) states that any claims or controversies arising between Plaintiff and the Corporation will

be submitted to binding arbitration.  The Corporation, referred to in the Agreement as "the Company," is broadly defined to include "its parents, subsidiaries, affiliates, predecessors, successors and assigns, their . . . respective owners, directors, officers, managers . . ., employees, vendors, and agents."  DE 5, Ex. A.

In her Response (DE 8) to the instant Motion, Plaintiff does not argue that her claims are not covered by the Arbitration Agreement or that the Arbitration Agreement itself is invalid under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (2006), Supreme Court precedent, or Eleventh Circuit precedent.  Rather, Plaintiff only argues that the Arbitration Agreement does not cover claims arising between her and the LLC.  She argues that Defendants have failed to highlight any evidence in the record to establish Defendants' corporate relationship to each other.  That is, she argues, quite forcefully, that Defendants would have the Court assume that the LLC falls within the broad definition of the Corporation in the Agreement.  However, though Plaintiff had the opportunity to do so therein, she herself did not offer any evidence on this subject to support her argument that the LLC is not properly covered by the Agreement.  Rather, she invited Defendants to offer evidence of their corporate structure, which they did in their Reply (DE 9) memorandum.  The argument and Affidavit (DE 9, Ex. A) attached thereto establish that the LLC is a wholly owned indirect subsidiary of the Corporation.  Thus, the

2

LLC clearly falls within the liberally drafted definition of "the Company" contained in the Arbitration Agreement.  Therefore, the Corporation's act of signing the Agreement bound its subsidiary the LLC, and the Agreement is valid between Plaintiff and both Defendants.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants' Motion To Dismiss Or In The Alternative Stay Proceedings Pending Arbitration (DE 3) be and the same is hereby **GRANTED** as follows:

1. The above-styled cause be and the same is hereby **REFERRED** to binding arbitration as provided for in the arbitration clause contained in the Arbitration Agreement (DE 5, Ex. A);

2. Plaintiff's Complaint (DE 1) be and the same is hereby **DISMISSED** without prejudice; and

3. To the extent not otherwise provided for herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    25th     day of July, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record